1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHELLEY PROOF,                    )
                                        )
12                   Plaintiff,         )    2:09-cv-002237-GEB-DAD
                                        )
13          v.                          )    ORDER DENYING DEFENDANT'S
                                        )    MOTION FOR SUMMARY JUDGMENT
14    INTEL CORPORATION LONG TERM       )    AND REMANDING PLAINTIFF'S
      DISABILITY PLAN,                  )    CLAIM FOR LONG TERM DISABILITY
15                                      )    BENEFITS TO THE CLAIMS
                     Defendant.         )    ADMINISTRATOR
16    _____)

17            Defendant Intel Corporation Long Term Disability Plan

18    ("Defendant") seeks summary judgment on Plaintiff's claim for long

19    term disability ("LTD") benefits, to which Plaintiff alleges she is

20    entitled under the Employee Retirement Income Security Act of 1974, 29

21    U.S.C. § 1132 (a)(1)(b) ("ERISA").  However, the summary judgment

22    record reveals that Plaintiff prevails on an issue even though

23    Plaintiff is not a movant.  "Even when a party has not cross moved for

24    summary judgment, the Court may enter summary judgment in its favor

25    if[, as here,] the other party has had a 'full and fair opportunity to

26    ventilate the issues involved in the matter.'"  Manyak v. Blackrock,

27    Inc., 2010 WL 1927733, at *3 (W.D. Wash. 2010) (ERISA case) (quoting

28    Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982)).

                                        1

It is undisputed in this case that the review standard applicable to Plaintiff's LTD claim is the abuse of discretion standard. (SUF ¶ 5; Def.'s Mot. for Summ. J. 10:24-25; Plt.'s Opp'n 11:10-11.)  Abuse of discretion review applies to a plan that "confer[s] discretionary authority on the administrator [of the plan] . . . to construe the terms of the plan." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965 (9th Cir. 2006) (en banc). "Where the decision to grant or deny [ERISA] benefits is reviewed for abuse of discretion, a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment . . . do not apply." Bendixen v. Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999), abrogated on other grounds by Abatie, 458 F.3d at 965, 966-67, as recognized in Montour v. Hartford Life & Accident Ins. Co., 588 F.3d 623, 631 (9th Cir. 2009).

## I. Background

Plaintiff worked at Intel as a Project Manager and was a participant in Intel's short-term and LTD plans.  The LTD Plan (the "Plan") grants discretion to the Plan administrator to make factual determinations and to interpret the terms of the Plan.  Beginning in 2005, Intel delegated its responsibility for administration of the Plan to Broadspire Services, Inc., an independent third party, which subsequently transferred its responsibility for claims administration to Aetna Life Insurance Company ("Aetna").  (Statement of Undisputed Facts ("SUF") ¶ 6.)  If a participant is denied benefits under the Plan, "the participant can appeal the denial to the Aetna Appeal Committee ('Appeal Committee')."  (Id. ¶ 7.)

On January 3, 2008, Plaintiff applied for and received short-term disability benefits.  Aetna sent Plaintiff a "LTD Packet"

in October 2008, "a few months" before her short-term disability benefits were scheduled to expire. (SUF ¶ 14.) The Packet explained the LTD Plan, provided information regarding the Plan, including Plan definitions of "Disability" and "Objective Medical Findings", and requested Plaintiff to complete and return the forms included with the LTD Packet. (Id. ¶ 15.)

Under the Plan terms, disability is defined as "any illness or injury that is substantiated by Objective Medical Findings and which renders a Participant incapable of performing work." (SUF ¶ 4; Administrative Record ("AR") 0001.) The Plan defines an "Objective Medical Finding" as "a measurable, independently-observable abnormality which is evidenced by one or more standard medical diagnostic procedures . . . that support the presence of a disability or indicate a functional limitation." (AR 0004.)

Plaintiff returned the forms included in the LTD Packet on October 18, 2008. Plaintiff wrote under the section in the forms entitled "Duties You Now Cannot Perform": "Due to the nausea, vomiting, and weakness attributed to my disability, I am no longer able to perform any job duties." (AR 0268.) Plaintiff also identified in her response Doctors Mark Redor, Amar Al-Juburi, and Lin Soe as her treating physicians. (SUF ¶ 22; AR 0270.) Aetna requested and received medical records from these physicians. (SUF ¶ 27.) Before receiving the requested medical records, Aetna sent Plaintiff a letter dated November 19, 2008 in which Aetna denied her claim because "there [were] no objective medical findings to substantiate [her] inability to perform her own occupation." (AR 0055.) Plaintiff's physician Dr. Redor submitted to Aetna his Attending Physician Statement form on November 17, 2009. (SUF ¶ 21.) Dr. Redor listed on

3

this form "diabetic gastroparesis" as Plaintiff's "primary diagnosis" and attached reports of two gastric emptying studies dated November 13, 2006 and May 8, 2008, and two esophagogastroduodenoscopies dated February 1, 2007 and May 16, 2008.  (AR 544-554.)  Dr. Redor also listed Plaintiff's symptoms as "chronic nausea and vomiting" and checked the box "No ability to work."  (Id. 0545.)  Aetna again rejected Plaintiff's claim for LTD benefits in a letter dated November 26, 2008, stating "please refer to the initial denial letter."  (AR 0057.)

Aetna sent Plaintiff's medical records to Aetna Review Consulting Services ("ARCS") on December 26, 2008, for review by a specialist in gastroenterology.  (SUF ¶ 28.)  ARCS referred the records to Doctor Jack Cohen, "an independent physician certified by the American Board of Gastroenterology."  (Id. ¶ 29.)  Dr. Cohen reviewed the medical records and conducted a peer-to-peer consultation with Dr. Redor, during which Dr. Redor stated Plaintiff had gastroparesis and "that the limiting factor in [Plaintiff's] returning to work was nausea."  (AR 0163.)  However, Dr. Cohen stated in his "Physician Review" form that Dr. Redor "agrees that [nausea] is a totally subjective symptom."  (AR 0163.)  Dr. Cohen also noted that Plaintiff "has not lost any weight," "has no electrolyte abnormalities, and she shows no signs of malnutrition."  (AR 0164.)  Dr. Cohen concluded "[t]he objective medical findings do not substantiate that the claimant is unable to perform the duties of her own occupation."  (AR 0165; SUF ¶ 30.)

Aetna relied upon Dr. Cohen's review and notified Plaintiff that her application for LTD benefits had been denied in a letter dated January 14, 2009, which stated:

4

The review of your file indicated that there are no objective medical findings to substantiate your inability to perform your own occupation. You[r] diagnosis of gastroparesis is secondary to your [Insulin-Dependent Diabetes Mellitus]. You indicate symptoms of constant nausea with intermittent vomiting. Despite this diagnosis, you have maintained your weight. You have not had any problems with electrolyte imbalance or dehydration. Laboratory data failed to reveal any nutritional deficits secondary to your nausea and vomiting. Your symptomatology is not of an intensity or severity that it would impact upon your performing job related activities of a light physical demand rating.

Additionally, we contacted Dr. Redor to discuss your case. Dr. Redor indicated that the limiting factor in your returning to work was nausea. Dr. Redor agreed that this is a totally subjective symptom. Dr. Redor also agreed that despite that gastroparesis, nausea and intermittent vomiting you have not lost any weight. You have no electrolyte abnormalities and show no signs of malnutrition.

It is again our determination that to date, your file does not include objective medical findings to substantiate you are incapable of performing work on a full time basis at this point or in the future. Under the terms of your contract objective medical findings do not include physicians' opinions or other third party opinions based on the acceptance of subjective complaints.

(AR 0059.)

Plaintiff appealed Aetna's denial of her LTD benefits claim on February 19, 2009. (SUF ¶ 34.) The Appeal was assigned to Ana Molina ("Molina"), a Senior Appeal Specialist. Molina sent Plaintiff's medical records to ARCS for review by a gastroenterologist and an endocrinologist in March 2009. The Appeal Committee completed its review of Plaintiff's appeal on April 24, 2009, and notified Plaintiff in a letter dated April 24, 2009 that "the original decision to deny LTD benefits, effective 1/1/09, has been upheld." (AR 0062; SUF ¶ 45.)

//

## II.  Analysis

Plaintiff argues Defendant abused its discretion by interpreting the Plan to require objective evidence of Plaintiff's symptoms, and consequently failed to consider Plaintiff's disabling symptoms of fatigue, nausea, and vomiting.  Further, Plaintiff argues Defendant's failure to consider this evidence resulted in Defendant's failure to "explain why the conditions and symptoms which it admits [Plaintiff] suffers from are insufficient to demonstrate [she is incapable of working]."  (Opp'n 17:10-11.)  Defendant argues it properly interpreted the pertinent Plan language by requiring "[Plaintiff's] underlying condition **and** her inability to perform work . . . be manifested by Objective Medical Findings."  (Mot. 4:23-25 (emphasis added).)

"Under abuse of discretion . . . review, [a Plan Administrator] err[s] by interpreting the Plan in a way that contradict[s] the Plan's plain language." Brown v. S. Cal. IBEW-NECA Trust Funds, 588 F.3d 1000, 1004 (9th Cir. 2009).  "[T]erms in an ERISA plan should be interpreted in an ordinary and popular sense as would a [person] of average intelligence and experience." Richardson v. Pension of Bethlehem Steel Corp., 112 F.3d 982, 985 (9th Cir. 1997) (quotations omitted).  "Each provision in an agreement should be construed consistently with the entire document such that no provision is rendered nugatory."  Id.  "Despite the deference owed to administrators of plans . . ., [the] application of plan provisions clearly in conflict with the plain language of the plan [] should be found to be arbitrary and capricious." Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1307 (9th Cir. 1986).

Since the Plan states "Disability shall mean any illness or injury *that is* substantiated by Objective Medical Findings *and which* renders a Participant incapable of performing work," (AR 0001 (emphasis added)) "Plaintiff's burden here encompasses two distinct prongs." Alvis v. AT & T Integrated Disability Serv. Ctr., 2009 WL 1026030, at *11 (E.D. Cal. 2009). Specifically, to establish disability under the terms of the Plan, Plaintiff was required to show she has (1) an illness or injury substantiated by objective medical findings, and (2) the illness or injury renders her incapable of performing work. See Friedrich v. Intel Corp., 181 F.3d 1105, 1112 n.7 (9th Cir. 1999) (analyzing a nearly identical definition of "Disability" by using a bifurcated, two-pronged approach and concluding that the district court did not err "in finding that [Plaintiff] presented objective medical findings of disability," *and also* did not err in finding that Plaintiff "suffers from an illness that renders him incapable of working").

Defendant's counsel conceded at the hearing on the motion that Plaintiff provided sufficient objective medical findings of an illness--the gastric emptying exams and esophagogastroduodenoscopies-- to substantiate the existence of her gastroparesis. But Defendant argues Plaintiff's inability to work has not been substantiated by objective medical findings because her symptoms of fatigue, nausea, and vomiting are subjective. However, the Plan language does not require Plaintiff to prove her inability to work by objective evidence; rather, the *existence* of her illness must be substantiated by objective medical findings, and she has to prove that this illness renders her incapable of working. Therefore, the Plan does not prohibit Plaintiff from satisfying the second prong of her disability

1   inquiry by her own report of subjective symptoms or her physician's
2   report that her subjective symptom of the illness renders her
3   incapable of working.  Dr. Redor states in his attending physician
4   Statement in the response to the inquiry about Plaintiff's
5   "Abilities/Limitations": "No ability to work" and indicates this
6   conclusion is substantiated by the objective medical findings
7   Defendant concedes exist.  (AR 0545.)  However, Defendant denied
8   Plaintiff's claim for LTD benefits because it found those symptoms
9   were not substantiated by objective medical findings.  "A plan
10  administrator cannot exclude a claim for lack of objective medical
11  evidence unless the objective medical evidence standard was made
12  clear, plain and conspicuous enough in the policy to negate layman
13  plaintiff's objectively reasonable expectations of coverage." Moody
14  v. Liberty Life Assurance Co. of Boston, 595 F. Supp. 2d 1090, 1098
15  (N.D. Cal. 2009) (internal citations and quotations omitted).

16          Further, Defendant did not explain why Plaintiff's symptoms
17  were insufficient to qualify her for LTD benefits.  Insurers "abuse
18  their discretion if they render decisions without any explanation
19  . . . ." Johnson v. W. Conference of Teamsters Pension Trust Fund,
20  879 F.2d 651, 654 (9th Cir. 1989).  ERISA requires "'a meaningful
21  dialogue' between claims administrator and beneficiary" "in a manner
22  calculated to be understood by the claimant." Saffon v. Wells Fargo &
23  Co. Long Term Disability Plan, 522 F.3d 863, 870 (9th Cir. 2008).
24  Here, the final denial letter dated January 14, 2008 states: "Dr.
25  Redor indicated that the limiting factor in your returning to work was
26  nausea.  Dr. Redor agreed that this is a totally subjective symptom."
27  (AR 0059.)  However, Defendant did not explain to Plaintiff why her
28  nausea--which Dr. Redor characterized as a "major symptom" of

Plaintiff's gastroparesis occurring "daily" and which was accompanied by vomiting and weakness--did not render her incapable of working. Further, Defendant failed to "engage Dr. [Redor's] contrary assertion" that Plaintiff's subjective symptoms of her gastroparesis prevented her from working. <u>Saffon</u>, 522 F.3d at 870.  In addition, none of Defendant's letters sufficiently explain why it concluded Plaintiff was not disabled; rather, Defendant simply mentions symptoms Plaintiff was not experiencing--for example, weight loss and dehydration-- without explaining why the presence of those symptoms was required as substantiation of Plaintiff's disability claim.

Since Defendant erred in interpreting the plain language of the Plan, and in doing so, failed to show how it considered the subjective evidence Plaintiff submitted in support of her LTD benefits claim, Defendant abused its discretion in denying Plaintiff's claim. Therefore, Plaintiff's claim for LTD benefits is remanded "for a redetermination by the claims administrator" under the proper standard in the Plan. <u>Hoskins v. Metro. Life Ins. Co.</u>, 551 F. Supp. 2d 942, 946-947 (D. Ariz. 2008) (remanding plaintiff's claim for LTD benefits and "tak[ing] no position on the ultimate issue whether benefits should be awarded"); <u>see also</u> <u>Gallo v. Amoco Corp.</u>, 102 F.3d 918, 923 (7th Cir. 1996) (stating that the "remedy when a court or agency fails to make adequate findings or to explain its grounds adequately is to send the case back to the tribunal for further findings or explanation . . . unless the case is so clear cut that it would be unreasonable for the plan administrator to deny the application for benefits on any ground"); <u>Beaver v. Bank of the West Welfare Benefits Plan</u>, 2010 WL 1030464, at *11 (N.D. Cal. 2010) ("ERISA affords the court a wide range of remedial powers, including the power to return a benefits

claim to a plan administrator for consideration of additional medical evidence.").

                This case shall be closed.

Dated:  August 11, 2010

                                _____
                                GARLAND E. BURRELL, JR.
                                United States District Judge